UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas E. Lopez,

Plaintiff,

v.

MEMORANDUM OPINION
AND ORDER
Civil No. 01-128(MJD/SRN)

Minnesota Department of
Public Safety,

Defendant.

---

Plaintiff appeared pro se.

Joel A. Watne, Assistant Minnesota Attorney General, for and on behalf of Defendant.

---

Plaintiff brought this action against the Defendant Minnesota Department of Public Safety (hereinafter the "State") alleging that under the Declaration of Independence, no government may alter or abolish a right without the consent of the governed. Plaintiff thus seeks an order from this Court abolishing Minn. Stat. § 169.00 through § 171.99 because he did not consent to these laws being passed. Currently before the Court is the motion of the State for dismissal or in the alternative for summary judgment.

FACTUAL BACKGROUND

Plaintiff's driving privileges were revoked pursuant to Minn. Stat. § 169.121 and § 169.23 as a result of alcohol-related incidents occurring on March 19, 1992,

APR 2 6 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

May 13, 1992 and January 6, 1996. Watne Aff., Ex. C. His driving privileges were also cancelled and indefinitely denied as "inimical to public safety" pursuant to Minn. Stat. § 171.14 and § 171.04, effective January 13, 1996, until such time as the Plaintiff complied with certain standards to prove his rehabilitation. Id. See Minnesota Rules, part 7503.1300, Subpart 2 and 7503.1700, Subpart 5.

The State asserts that there is no evidence that Plaintiff attempted to meet the rehabilitation requirements necessary to recover any driving privileges. Plaintiff's driving record shows that on December 23, 2000, Plaintiff refused to submit to testing under the implied consent statute. Id. He was then served with notice and order of revocation. Minnesota law provides that Plaintiff could seek judicial review of the revocation in state court, by filing a petition within 30 days of receiving the notice and order of revocation. Minn. Stat. § 169.123, Subd. 5c. Plaintiff did not file such a petition, however. Instead, he filed this action seeking relief under the Declaration of Independence and the U. S. Constitution.

In its motion, the State asserts a number of bases for dismissal. After reviewing the submissions presented by the parties, and after oral argument, the Court finds that dismissal is appropriate as Plaintiff has failed to state a claim upon which relief can be granted.

Construing the Complaint liberally, Plaintiff alleges that the State cannot revoke his driving privileges, as the right to drive is a constitutionally protected right. At oral argument, Plaintiff offered the alternative argument that the State could not revoke his driving privileges because the State did not prove that he had committed a violation.

The State argues, and the Court agrees, that the Plaintiff has not shown that he has a constitutionally protected right to drive a motor vehicle without meeting the applicable requirements of state law. See, Kenneth J. Huls v. Don Davis, Civ. No. 97-347 (ADM/JGL) (D. Minn. 1997) aff'd 141 F.3d 1168 (8th Cir. 1998).

Furthermore, as to the Plaintiff's new argument, the Minnesota Supreme Court has held that revocation of a driver's license under the implied consent law is a civil penalty that may be imposed regardless of the outcome of any criminal proceeding. Minnesota Department of Public Safety v. Hanson, 356 N.W.2d 689, 692 (Minn. 1984). Minnesota state law provides procedures to challenge license revocations. Although he is precluded from seeking judicial review under the implied consent statute because he failed to file a timely petition, Minn. Stat. § 169.123, Subd. 5c, Plaintiff can still challenge the cancellation of his driving license as "inimical to public safety" pursuant to Minn. Stat. § 171.19 (2000) in the state court.

Accordingly, this matter must be dismissed for failure to state a claim for which relief can be granted, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED that Defendant Minnesota Department of Public Safety's Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: April 26, 2001

Michael J. Davis
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd